# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | CASE NO.   1:11-cv-1563-AWI-MJS |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DENY MOTION TO SET ASIDE ENTRY OF DEFAULT |
| v. | |
| RAMON LOPEZ FRANCO, | (ECF No. 19) |
| Defendant. | OBJECTIONS DUE WITHIN FIFTEEN DAYS OF SERVICE |

**I.    BACKGROUND**

  **A.    Plaintiff's Allegations**

On September 15, 2011, Plaintiff filed a complaint against Defendant, Ramon Franco, doing business as El Jaliciense Bar.

The complaint alleges Defendant violated the Communications Act of 1934 (47 U.S.C. § 605, et seq.), The Cable & Television Consumer Protection and Competition Act of 1992 (47 U.S.C. § 553, et. seq.), and asserts causes of action for conversion and for violation of California Business and Professions Code § 17200, et. seq.  The suit is based on Defendant's alleged unlawful interception, receipt, and exhibition of "*200: Celebrate*

*Dominate": Shane Mosley v. Sergio Mora* (including all under-card bouts, televised replay and color commentary encompassed therein) telecast nationwide on December 4, 2010 (the "Program"). According to the complaint, Plaintiff was the exclusive commercial distributor of closed-circuit rights to the Program. Since Defendant operates El Jaliciense Bar, a commercial establishment, and exhibited the Program there, it could not have lawfully obtained the Program without contracting with Plaintiff. Defendant did not so contract, and thus necessarily must have wrongfully intercepted, received, and broadcasted the Program.

B.  **Procedural History**

On February 1, 2012, Plaintiff filed a proof of service indicating that Defendant was served by substituted service on January 24, 2012, at 16581 Sheffield Street in Delhi, CA. (ECF No. 9.) On March 1, 2012, Plaintiff requested the Clerk of the Court enter default against Defendant, and default was entered that same day. On April 24, 2012, Plaintiff filed a motion for default judgment.

Defendant filed the present motion to set aside default on May 22, 2012. (ECF No. 19.) On May 31, 2012, Plaintiff filed an opposition. (ECF No. 22.) On May 24, 2012, the Court ordered the parties to meet and confer regarding the status of the case and the potential for resolution of it without further litigation and ordered Plaintiff to file a report of the results thereof.  On July 3, 2012, Plaintiff's counsel reported that he had had discussions with Defendant (indirectly, through his son) on June 4, 2012, but that subsequent attempts to reach Defendant and his son had gone unanswered.[1]

---

[1] Plaintiff unsuccessfully attempted to reach Defendant's son five times. A voicemail was left on June 28, 2012 at 11:30AM, July 2, 2012 at 9:00AM, July 2, 2012 at 12:45PM and July 3, 2012 at 3:52PM.

Accordingly, the Court will address the Motion to Set Aside Default. Pursuant to Local Rule 230(g), the Court deems the Motion submitted for decision without oral argument.

### C.     Defendants Claims to Set Aside Default

Defendant, in his motion to set aside default, denies that he was served with summons as indicated by Plaintiff. Instead, Defendant explains that he first learned of the lawsuit on February 7, 2012, when he received service by U.S. mail. Defendant claims that he since has been seeking affordable counsel.[2]

(A careful reading of the instant motion indicates that it is a verbatim copy of the motion the same defendant filed in a previous case brought against him by the same Plaintiff relating to a different business. See J & J Productions v. Franco, 10-cv-1704-LJO-DLB, ECF No. 7. Defendant's present motion refers incorrectly to a business (the "Knockout Bar") other than the commercial establishment where the acts in this Complaint are alleged to have occurred.  This calls into question the applicability of the grounds presented in support of the motion.)

## II.    LEGAL STANDARD

Rule 55(c) of the Federal Rules of Civil Procedure provides that a court may set aside a default for "good cause shown." In this Circuit, the "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs

---

On the morning of July 3, 2012, Plaintiff attempted to contact Defendant directly by leaving a message at the phone number listed on his most recent pleading. (ECF No. 19.) Plaintiff received a call back from an individual who confirmed the phone number, but denied having any affiliation with Defendant or the address listed in Defendant's most recent pleading.

[2] To this date, there is no attorney of record for Defendant.

vacating a default judgment under Rule 60(b), i.e., one seeking to set aside a default judgment must demonstrate "mistake, inadvertence, surprise or excusable neglect." Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925-926 (9th Cir. 2004); TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001); Fed. R. Civ. P. 60(b)(1). However, the Court has "especially broad" discretion in setting aside entry of default as compared to a default judgment. Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000). Additionally, there is a strong preference for cases to be resolved on the merits. See In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991).

In considering whether to set aside the entry of a default, the Court must consider three factors: (1) the culpability of the conduct that led to the default; (2) whether setting aside the default would prejudice Plaintiff; and (3) whether Defendant has a meritorious defense. Franchise Holding II, LLC, 375 F.3d at 926. The moving party bears the burden of establishing that these factors favor setting aside the entry of default, and the Court may deny the motion if the moving party fails to meet this burden with respect to any of these factors. Id.

If the Court grants relief from the default, it may impose terms and conditions appropriate to make the relief just and fair for the other party. Nilsson, Robbins et al. V. Louisianna Hydrolec, 854 F.2d 1543, 1546-1547 (9th Cir. 1988). These may include an order that defendant pay plaintiff's attorney fees and costs incurred in connection with the default. Id.

### III. ANALYSIS

The Court will consider each of the three factors in turn below.

## A. Whether Defendant was Culpable

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and <u>intentionally</u> failed to answer." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original). The Ninth Circuit recently held:

> In this context, the term "intentionally" means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat the failure as culpable, the movant must have acted with bad faith, such as an "intention to take advantage of the opposing party, interfere with judicial decision

United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1092 (9th Cir. 2010) (quoting TCI Group, 244 F.3d at 697).

Defendant claims that, contrary to Plaintiff's proof of service, he was not personally served with a summons on January 24, 2012, but learned of the lawsuit by mail two weeks later, on February 7, 2012. He has since been seeking affordable counsel. Defendant argues that his failure to timely respond was not intentional, but "at most neglectful." (ECF No. 19, p. 3.)

Defendant did not file anything until three and one-half months after he acknowledged service and two and one-half months after the Clerk entered default. While such delay was unreasonable and indicates neglect, it does not show Defendant's behavior was necessarily culpable.

There is no compelling evidence that Defendant's failure to answer was the result of bad faith or an attempt to take advantage of the opposing party or game the system.

### B. Prejudice to Plaintiff

The Court also must consider whether Plaintiff will suffer prejudice if the entry of default is set aside. TCI Group, 244 F.3d at 696. To be prejudicial, the setting aside of the default "must result in greater harm than simply delaying the resolution of the case. The standard is whether the plaintiff's ability to pursue his claim will be hindered." Id. at 701.

Plaintiff's opposition does not reveal any prejudice which might befall Plaintiff if default were to be set aside. The Court is unaware of any potential for prejudice except to the extent Plaintiff had to incur time and expense in having default entered and in responding to the present motion. If the default were to be set aside, the Court could enter an Order that Defendant compensate Plaintiff accordingly to ameliorate the prejudice.

### C. Meritorious Defense

A defendant seeking to set aside an entry of default must present specific facts that would constitute a defense. TCI Group, 244 F.3d at 696. This burden is not "extraordinarily heavy," as a movant need only demonstrate law or facts showing that a sufficient defense is assertable. Id. at 700. In determining whether the moving party has satisfied its burden, the Court is to "examine[] the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." In re Stone, 588 F.2d 1316, 1319 (10th Cir. 1978).

Here, Defendant presents no declaration, no argument, no authorities, no facts, no evidence and no other basis upon which one might conclude that he has a meritorious defense. The only indication that Defendant would mount a defense at all is his claim that

he was served later and differently than indicated by Plaintiff's proof of service. (ECF No. 19, p. 2, l. 15.)  Defendant claims that "[Plaintiff] never [personally] served a summons or complaint on the Defendant on January 24, 2012."

To the extent relevant here,  Defendant's factual assertions are incorrect. The proof of service does not claim that Defendant was served personally.  It states that Defendant was served by substituted service after nine failed attempts to serve him personally. This substituted service is in accordance with Federal Rules of Civil Procedure, Rule 4(e) which permits service at Defendant's "dwelling or usual place of abode with someone of suitable age and discretion who resides there."[3] Fed. R. Civ. P. 4(e)(2)(B). (It may be that Defendant is here simply repeating an inapplicable claim made in his earlier case.)

Defendant has failed to satisfy his burden of putting forth facts showing that he could mount a meritorious defense.  Nothing filed in connection with the instant motion supplies any information sufficient to even suggest a basis for a defense.  Defendant's bare assertion that he does have a meritorious defenses is conclusory and insufficient to satisfy his burden. See Cassidy v. Tenorio, 856 F.2d 1412, 1416 (9th Cir. 1988) (holding that a "naked, conclusory allegation, without a statement of underlying facts which tend to support such an allegation, is insufficient to make out a colorable claim to a meritorious defense.") ; Sovereign Capital Resources, LLC v. Armstrong Square Ltd. Partnership, 58 F. App'x 335, 336 (9th Cir. 2003) (statement that defendant "believed" she had a meritorious defense was insufficient to set aside entry of default because it "consisted of legal conclusions devoid of factual support").

---

[3] 53-year-old, Jesus Perez, is listed as the individual who accepted substituted service. In his motion, Defendant confirms that the address listed on the proof of service is his home.

### D. Conclusion

The party seeking to set aside an entry of default bears the burden of demonstrating that all three good cause factors are satisfied, see TCI Group, 244 F.3d at 696. Here Defendant has failed to submit any facts upon which the Court might conclude that he could present a meritorious defense. Thus, it would be an abuse of discretion to set aside the entry of default. See Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986) (where defendant failed to set forth a meritorious defense, "it would have been an abuse of discretion to set aside the entry of default"). "To permit reopening of the case in the absence of some showing of a meritorious defense would cause needless delay and expense to the parties and the court system." Id. Accordingly, the Court will recommend that the Motion to Set Aside be DENIED.

## IV. FINDING AND RECOMMENDATIONS

The Court finds that Defendant has failed to meet his burden of showing that he has a meritorious defense to this action and, therefore, failed to show good cause to set aside the entry of default in this case. Accordingly, the Court RECOMMENDS that Defendant's Motion to Set Aside Entry of Default be **DENIED.**

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (15) days of service of these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's

findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  July 31, 2012                     /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE